UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Billy H. McCauley,                                            Case No. 3:13-cv-2115

        Plaintiff

  v.                                                              MEMORANDUM OPINION
                                                    AND ORDER

Dean Mayer et al.,

        Defendants

      This matter comes before me on the Defendants' motion to dismiss and Plaintiff's motion to amend his complaint. This Court has jurisdiction under 28 U.S.C. § 1331. For the reasons that follow, Defendants' motion to dismiss is denied and Plaintiff's motion to amend the complaint is granted.

**BRIEF BACKGROUND**

      In September 2012, the principal of Sailorway Middle School in Vermilion, Ohio received a complaint of inappropriate behavior by a man in the school parking lot. This complaint was forwarded to the Vermilion Police Department. Cpl. Dean Mayer, a detective, was assigned to the investigation.

      It is alleged that prior to an arrest, Mayer's investigative report changed important details of the eyewitness testimony and fabricated statements of the eyewitness. Mayer's interview of the Plaintiff and his conclusions in his report were allegedly insufficient to support probable cause to arrest the Plaintiff. Mayer swore out an affidavit based upon his investigation and the evidence he

obtained to support the arrest warrant for Plaintiff.  As a result, Plaintiff was arrested on a public indecency charge for conduct occurring at his grandchildren's middle school parking lot.

At Plaintiff's criminal trial, Mayer first revealed the existence of an audio recording of the interview with the minor eyewitness and his mother.  On the stand, Mayer admitted his fabrications contained in his investigative report and Plaintiff was acquitted of the charges.

This § 1983 action was brought by Plaintiff over his arrest without probable cause and based upon fabricated evidence by the arresting officer, Cpl. Mayer, sued both in his official and individual capacities.  The City of Vermillion is sued for ratifying the conduct of Defendant Mayer.  The City moves for dismissal of allegations against it under Fed. R. Civ. P. 12(b)(6).  Plaintiff also moves to amend the complaint.

### APPLICABLE LEGAL STANDARD

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'"  *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the

2

reasonable inference that the defendant is liable for the alleged misconduct).

## DISCUSSION

Defendants move for dismissal of the claims against the City because Plaintiff has not a viable *Monell* claim sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6). Additionally, Defendants seek dismissal on the basis of state statutory immunity.

A governmental entity may not be held liable under 42 U.S.C. § 1983 simply on the basis of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Rather, the plaintiff must show that an action under an official policy or custom of the government entity caused the alleged loss. *Id.; Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). Plaintiff must "show[] that the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001).

"A 'policy' is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Shorts v. Bartholomew*, 255 Fed.Appx. 46, 57 (6th Cir. 2007) (quoting *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002)), *see also Brown v. Shaner*, 172 F.3d 927, 930 (6th Cir. 1999). A single decision by a municipality's policy-maker can constitute a "policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

This Circuit has endorsed § 1983 liability under ratification where a municipality fails to investigate and punish unconstitutional conduct. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990); *see also Rush v. City of Mansfield*, 771 F. Supp.2d 827, 836-37 (N.D. Ohio 2011).

Here the allegations in the proposed amended complaint state the particular actions of Corporal Mayer and the role of the municipality:

> 50. Defendant Mayer acted without probable cause, intentionally, knowingly, unreasonably, maliciously, negligently, recklessly and with deliberate indifference to the rights of Plaintiff McCauley when he secured a warrant and then arrested Plaintiff McCauley.
>
> 51. The City of Vermillion has ratified the conduct of Defendant Cpl. Mayer in this case.
>
> 52. The City of Vermillion failed to properly investigate Defendant Mayer's unconstitutional conduct, despite the fact that he admitted to fabricating evidence in open court.
>
> 53. The City of Vermillion also failed to properly discipline Defendant Mayer for his admitted unconstitutional actions.

(Doc. No. 7-1, p. 7).

Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir 2008).

Based upon the proposed amended pleadings presented by Plaintiff, I find they meet the plausibility standard sufficient to withstand a challenge under *Twombly* and give the Defendants here fair notice of the claims asserted against them. On this basis, Defendants' motion to dismiss is denied.

Next, the Defendants request judgment on the basis of statutory immunity under Ohio Rev. Code § 2744.02(A)(1). The claims asserted against the City are brought pursuant to 42 U.S.C. § 1983. Ohio's Political Subdivision Tort Liability Act precludes actions brought for violations of federal civil rights laws. Ohio Rev. Code § 2744.09(E). *See Longstreth v. Franklin Cty. Children Services*, 14 F.3d 601, at *6 (6th Cir. 1993), *citing Craig v. Columbus City Schools*, 760 F. Supp. 128, 130 (S.D. Ohio 1991). Accordingly, Defendants' motion to dismiss on this basis is likewise denied.

Lastly, Plaintiff moves to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).

4

Under Fed. R. Civ. P. 15(a), the trial court is vested with discretion in granting or denying an amendment. *See Foman v. Davis,* 371 U.S. 178 (1962). Where a party seeks leave to amend under Rule 15(a), "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974)). *See also Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 459 (6th Cir. 2013).

Plaintiff moved to amend his complaint at the same time he submitted his opposition to the motion to dismiss. Therefore, I find the Plaintiff's motion to amend is timely and well taken.

## CONCLUSION

Accordingly, the City of Vermillion's motion to dismiss (Doc. No. 4) is denied. Plaintiff's motion for leave to amend the complaint (Doc. No. 7) is granted. Plaintiff shall file his amended complaint forthwith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5